UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal No.: 6:15-cr-39-GFVT-REW-2 |
| | ) | Civil Action No.: 6:17-cv-223-GFVT-REW |
| V. | ) | |
| BRIAN HAMILTON, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon Magistrate Judge Robert E. Wier's Recommended Disposition (also known as a "Report and Recommendation," or "R&R") [R. 240] on the motion to vacate [R. 210] filed *pro se* by Brian Hamilton, pursuant to 28 U.S.C. § 2255. The motion was fully briefed, and, on November 9, 2017, Judge Wier appointed CJA counsel to represent Hamilton on his motion. [R. 221] An evidentiary hearing was held on December 15, 2017. [R. 230.] Judge Wier issued his R&R on January 22, 2018, recommending that the Court grant Hamilton § 2255 relief. [R. 240 at 1.] For the reasons stated below, the Defendant's Motion to Vacate [R. 210] will be **DENIED IN PART** and **GRANTED IN PART.**

Brian Hamilton filed a motion to vacate pursuant to 28 U.S.C. § 2255 seeking habeas relief for certain alleged sentencing errors and ineffective assistance of counsel. [R. 240.] The Magistrate Judge conducted an evidentiary hearing on the issues raised in Hamilton's motion to vacate and, thereafter, issued a written R&R wherein he recommends granting Hamilton habeas relief solely on the ineffective assistance of counsel claim. [R. 230; R. 240.] In his

recommendation, Magistrate Judge Wier thoroughly set out his proposed findings of fact and conclusions of law. [R. 240.] Judge Wier's Recommended Disposition advised the parties that any objection to the R&R must be filed within fourteen days. [*Id.* at 27.] The time to file objections has passed, and neither party has objected nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Wier's Recommended Disposition.

The sole issue on which Judge Wier recommends granting § 2255 habeas relief relates to Hamilton's claim of ineffective assistance of counsel. Hamilton asserts that he was not granted the discretionary one-level reduction for acceptance of responsibility, pursuant to United States Sentencing Guidelines § 3E1.1(b), due to the representations of his trial counsel. [*See id.* at 8.] The essence of Hamilton's claim is that his trial counsel did not effectively communicate to him that not accepting a plea offer, which contained the three-level reduction for acceptance, by the Government's deadline might result in the loss of the third level of acceptance. [*Id.* at 10-11.] In advising his client, Hamilton's trial counsel seemed to ignore the deadline presented by the Government and seemed to rely solely on the Court's scheduling order. [*Id.* at 17.] Because Hamilton was not properly advised on the deadline for accepting the Government's plea offer,

when he ultimately pled guilty he did not receive the third level reduction for acceptance of responsibility. [*see id.* at 20-21.] Judge Wier determined that this level of representation fell below the "prevailing professional norms" established in *Strickland v. Washington*, 466 U.S. 2052 (1984). [*Id.* at 18.]

In calculating a criminal defendant's sentencing guidelines, the Court may only grant the third level reduction for acceptance of responsibility when presented with a motion from the Government. *See* U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(b) (U.S. SENTENCING COMM'N 2016). Although the Magistrate Judge recommends granting § 2255 habeas relief based on the ineffective assistance of Hamilton's trial counsel, the Court still has not been presented with a motion from the Government to grant Hamilton the third level reduction for acceptance.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 240**] as to Defendant Brian Hamilton is **ADOPTED** as and for the Opinion of the Court;

2. Defendant's Motion to Vacate, pursuant to 28 U.S.C. § 2255, [**R. 210**] will be **DENIED** as to Defendant's claims of sentencing errors;

3. Defendant's Motion to Vacate [**R. 210**] will be **GRANTED** as to relief sought due to the ineffective assistance of trial counsel;

4. A resentencing hearing is hereby scheduled for **Tuesday, May 1, 2018**, at **2:30p.m**. in the United States Courthouse in **London, Kentucky**;

5. Should either party wish to brief the issue of relief to be granted and the sentence to be imposed, all briefs shall be filed by April 17, 2018;

6. Should the parties stipulate to the relief to be granted in advance of the hearing, the Government is hereby directed to file such stipulation in the record by April 24, 2018; and

7. The warden of FTC Oklahoma City **SHALL** deliver Brian Hamilton to the custody of the United States Marshal so that he may be brought before the Court on Tuesday, May 1, 2018 at 2:30p.m. The Marshal **SHALL** return Hamilton to BOP custody following the conclusion of the hearing in this matter.

This the 7th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge